**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | |
|---|---|
| **JOSEPH SAVOY** | **CIVIL ACTION NO. 06-1744** |
| **VS.** | **SECTION P** |
| **BURL CAIN, WARDEN** | **JUDGE DOHERTY** |
| | **MAGISTRATE JUDGE METHVIN** |

***REPORT AND RECOMMENDATION***

Before the court is a *pro se* petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on October 4, 2006 by petitioner Joseph Savoy. Savoy is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary, Angola, Louisiana where he is serving the sixty-five year sentence imposed following his 2000 armed robbery conviction in the Sixteenth Judicial District Court, St. Martin Parish. This collateral attack of the conviction and sentence has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** under the provisions of Rule 4 of the Rules Governing Section 2254 Cases in the District Courts since it plainly appears from the face of the petition and exhibits that Savoy is not entitled to relief.

## *Law and Analysis*

### *1. Initial Review*

Before reaching the merits of a *habeas* claim, it is appropriate to review the pleadings and exhibits submitted by the petitioner in order to determine whether or not the petitioner exhausted all available state remedies prior to filing his petition in federal court;[1] whether or not the petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1);[2] and/or whether or not any or all of the claims raised are subject to the procedural default doctrine.[3]

______The undersigned directed petitioner to amend his pleadings on April 30, 2007 [doc. 9] and June 27, 2007 [doc. 13]; petitioner responded by filing additional documentary evidence, however, he claimed that certain documents necessary to complete the initial review were

---

[1] *Habeas* petitioners cannot collaterally attack state court convictions in federal court until all available state court remedies have been exhausted. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983). This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438, 443 (1971); *Shute v. Texas*, 117 F.3d 233 (5th Cir. 1997). See also, 28 U.S.C. § 2254(b)(1)(A) and (B) – "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant."

[2] "A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..."

* * *

The time during which a properly filed application for State post-conviction or other collateral review ... is pending shall not be counted toward any period of limitation under this subsection."

[3] The procedural default doctrine bars federal *habeas corpus* review when a state court declines to address a petitioner's federal claims because the petitioner has failed to follow or has been defaulted by a state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991). "[I]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal *habeas* review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id*. at 750-51. This doctrine ensures that federal courts give proper respect to state procedural rules. *Id*. Furthermore, the doctrine presumes that a state court's express reliance on a procedural bar functions as an independent and adequate ground in support of the judgment. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1996).

unavailable. [see docs. 10-12, 14-17] On August 21, 2007 the respondent was directed to provide additional information [doc. 18]; on September 25, 2007 respondent provided documents from the St. Martin Parish Clerk of Court.

Based upon the documentary evidence submitted by the petitioner and the respondent, it appears that petitioner's *habeas* petition may be time-barred under the provisions of 28 U.S.C. §2244(d). The information available information suggests that petitioner's *pro se* writ application on direct review was untimely and therefore his judgment of conviction became final under §2244(d) 30- days or so after the Third Circuit affirmed his conviction on direct appeal. If that is indeed the case, it would also appear that at least one-year elapsed between that date and the date petitioner filed his application for post-conviction relief in the state court and therefore the AEDPA limitations period expired before he could avail himself of the statutory tolling provision of §2244(d)(2). Nevertheless, since the available information does not conclusively establish that the instant petition is time-barred, and, since petitioner might be eligible for either statutory tolling under §2244(d)(1)(B) or equitable tolling, or both, dismissal of the petition as time-barred would not be prudent at this time.

***2. Merits***

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that following examination of the pleadings by the court, "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." (See also *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999), "The district court has the power under Rule 4 to examine and dismiss frivolous *habeas* petitions prior to any

answer or other pleading by the state. This power is rooted in 'the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.' 28 U.S.C. foll. § 2254 Rule 4 Advisory committee Notes.")

The exhibits needed to conduct a thorough review of petitioner's claims have been provided. Based upon a review of the petition, memorandum, and exhibits, it is clear that the petitioner is not entitled to relief.

***Claim One – Excessiveness of Sentence [doc. 1-3, pp. 12-15]***

Savoy was convicted of armed robbery and was sentenced to serve 65-years at hard labor. Petitioner claims that this sentence is excessive. Petitioner argued this claim on direct appeal. In denying relief on this claim, the Third Circuit examined the trial record and noted, as had the sentencing judge, that petitioner had been convicted of 15 separate crimes, including two felonies, during the ten-year period between 1987 and 1997. This armed robbery conviction was petitioner's third felony conviction. Further, at the time of Savoy's conviction, there were pending charges against him for another armed robbery in a different jurisdiction [doc. 17, Exhibits, Slip Opinion of the Third Circuit, *State v. Savoy*, No. 01-1231 at pp. 9-12]

Petitioner suggests that his excessive sentence claim arises under the Fourteenth Amendment, but he offers no argument to suggest that he was denied due process. To the extent that petitioner might suggest that his sentence was excessive under the Eighth Amendment, his claim fares no better. The Eighth Amendment protects against cruel and unusual punishments. In order for a *habeas* petitioner to establish cruel and unusual punishment, he must establish that the punishment meted out to him was grossly disproportionate to the crime he committed. *Ewing v. California*, 538 U.S. 11, 20-24, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003); *Solem v. Helm*, 463

U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). If the contested sentence falls within the statutory limits, however, the sentence is entitled to a presumption of constitutionality and will not be upset unless the sentence is so disproportionate to the offense as to be completely arbitrary and shocking. *Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir.1975).

To determine whether a sentence was disproportionate, the federal *habeas* court must utilize the test set out in *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.1992). The reviewing court first weighs the gravity of the offense against the severity of the sentence. *Id.* at 316. If the sentence is "grossly disproportionate" in relation to the offense, then the sentence should be compared to "(1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions." *McGruder*, 954 F.2d at 316. If the sentence is not "grossly disproportionate," however, the inquiry is finished. *United States v. Gonzales*, 121 F.3d 928, 942-43 (5th Cir.1997).

As the Supreme Court has noted, outside the context of capitol punishment, successful proportionality challenges are "exceedingly rare" and constitutional violations are sustained in only "extreme" or "extraordinary" cases. *Ewing*, 538 U.S. at 21; *Lockyer v. Andrade*, 538 U.S. 63, 73, 77, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).

Petitioner was convicted of armed robbery. Under Louisiana law, that crime is punishable by a sentence of up to 99-years. See La. R.S.14:64(B). Petitioner's 65-year sentence was within the statutory limit and, therefore, presumptively constitutional. Petitioner has not established that his sentence was "grossly disproportionate." Since the sentence is not grossly disproportionate, further inquiry into the proportionality of his sentence is unnecessary. *United States v. Gonzales*, 121 F.3d 928, 942 (5th Cir.1997); *Smallwood v. Johnson*, 73 F.3d 1343, 1347

(5th Cir.1996). In short, petitioner is not entitled to relief with regard to his excessiveness of sentence claim.

***Claim Two – Ineffective Assistance of Counsel at Sentencing [doc. 1-3, pp. 12-15]***

Petitioner claims that his court-appointed trial attorney rendered ineffective assistance when he failed to file a timely motion to reconsider sentence pursuant to La. C.Cr.P. art. 881.1.

In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court articulated the standard for establishing an ineffective assistance of counsel claim. In order to prevail on such a claim, a *habeas* petitioner must demonstrate both that: (1) his attorney's performance was deficient; and (2) his attorney's deficient performance prejudiced his defense. *Id.* at 687, 104 S.Ct. 2052.

Assuming for the purposes of this Report that counsel's failure to file a motion to reconsider sentence amounted to deficient performance, petitioner cannot prevail because he has not shown, nor can he show, prejudice. Deficient performance results in prejudice only when "there is a reasonable probability that, <u>but for</u> counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052.

Here, petitioner claims that he was prejudiced because counsel's error caused petitioner to forfeit his right to have the sentence reviewed for excessiveness. [doc. 1-3, p. 15] This claim is unsupported by the record. The Third Circuit did in fact address his excessiveness of sentence claims and, even addressed petitioner's claims concerning the trial court's failure to articulate sufficient reasons for the imposition of the sentence in question. See doc. 17, Exhibits, *State v.*

*Savoy*, Slip Opinion.[4] In other words, petitioner has not shown that he was prejudiced by counsel's failure to make a motion to reconsider sentence and therefore he is not entitled to relief on his ineffective assistance of counsel claim.

***Claim Three – Petitioner was denied the right to testify on his own behalf [doc. 1-3, pp. 16-24]***

In his third claim for relief, petitioner contends that his court-appointed trial counsel denied him his right to testify at trial. According to petitioner, "[w]ell in advance of trial, it was discussed between [petitioner and his attorney] and decided that petitioner would testify in his own behalf about his whereabouts before and during the robbery." [doc. 1-3, p. 16] However, petitioner's "... right to testify was decided by [counsel]; that is, [counsel] advised her client that it would not be in his best interest to testify ... counsel alone denied petitioner the fundamental right to testify in his own defense..." [*Id*., pp. 16-17]

"A criminal defendant has a constitutional right to testify in his own behalf; it is an aspect of his right to defend himself, a right held in *Rock v. Arkansas*, 483 U.S. 44, 51-53, 107 S.Ct. 2704, 2709-10, 97 L.Ed.2d 37 (1987), to be implicit in the Fifth, Sixth and Fourteenth Amendments." *Underwood v. Clark*, 939 F.2d 473, 475 (7th Cir.1991) (citations omitted); see also *White v. Cain*, 2006 WL 3703240, *4 (E.D.La.2006); *Baker v. Cain*, 2007 WL 2174959, *11 (E.D.La. 2007).

Nevertheless, the *habeas* petitioner has the burden of proving that he was denied this constitutional right. As noted in *Turcios v. Dretke*, 2005 WL 3263918, *6 (S.D.Tex.2005), "a

---

[4] The court of appeals noted, "This court has held that failure to make or file a motion to reconsider a sentence ... generally precludes the defendant from raising an objection to the sentence on appeal ... However, whereas this court held that an oral objection is sufficient to preserve the issue of excessiveness, the defendant's claim is limited to a bare bones review... The defendant argues that the trial court failed to articulate the reasons for its sentencing choice ... After hearing arguments by both the State and defense counsel, the trial court commented extensively regarding its reasons for imposting the sentence..." [doc. 17, Exhibits, Slip Opinion on appeal, *State v. Savoy,* at pp. 9-13]

petitioner in a *habeas* proceeding cannot prevail on such a claim merely by stating to the habeas court that he told his trial attorney that he wished to testify and that his attorney forbade him from taking the witness stand. *Underwood v. Clark*, 939 F.2d 473, 475-76 (7th Cir.1991)." The court in the cited case specifically noted the potential problems that were bound to arise if *habeas* petitioners, making similar arguments, are not required to satisfy the burden of proof.

Other courts have likewise held *habeas* petitioners to a high standard with regard to this issue. In *Siciliano v. Vose*, 834 F.2d 29, 31 (1st Cir.1987), the court concluded that a "barebones" assertion, even one made under oath, is insufficient to require a hearing or other action on a *habeas* petitioner's claim that his right to testify in his own defense was denied him. In other words, greater particularity and at least some substantiation, such as an affidavit from counsel, is necessary to warrant a further investment of judicial resources in determining the truth of such claims. *Underwood*, 939 F.2d at 475-76.

Here, petitioner provided no evidence to support his assertion that trial counsel denied him his constitutional right to offer testimony at trial. Instead, petitioner cites only isolated statements of counsel during *voir dire* along with petitioner's assertions. "Standing alone, such self-serving statements cannot be allowed to succeed or the criminal judicial process would become unworkable." *Turcios*, 2006 WL at *6, citing *Underwood*, 939 F.2d at 475-76. In other words, petitioner's pleadings are insufficient with respect to this issue and dismissal pursuant to Rule 4 is appropriate.

While petitioner has not specifically argued that his inability to testify amounted to ineffective assistance of counsel, the Fifth Circuit has provided "that where the defendant contends that his counsel interfered with his right to testify, the 'appropriate vehicle for such

claims is a claim of ineffective assistance of counsel.' " *United States v. Mullins*, 315 F.3d 449, 452 (5th Cir.2002), *cert. denied*, 541 U .S. 1031, 124 S.Ct. 2096, 158 L.Ed.2d 713 (2004), quoting *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir.2001) (quotation omitted). As noted above, ineffective assistance of counsel claims are analyzed under the standard announced in *Strickland v. Washington*, 466 U.S. 668, 697, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674 (1984), which requires the petitioner to demonstrate not only that his counsel's performance was deficient, but also that he was prejudiced as a result of the allegedly deficient performance.

Under the deficient performance prong of the *Strickland* test, "... it is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.' " *Lockhart v. Fretwell*, 506 U.S. 364, 371, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993), quoting *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066. Counsel's decision regarding whether to place his client on the witness stand "is a 'judgment call' which should not easily be condemned with the benefit of hindsight." *United States v. Garcia*, 762 F.2d 1222, 1226 (5th Cir.1985). " 'An attorney's performance, which enjoys a strong presumption of adequacy, is deficient if it is objectively unreasonable." *United States v. Walker*, 68 F.3d 931, 934 (5th Cir.1995), *cert. denied*, 516 U.S. 1165, 116 S.Ct. 1056, 134 L.Ed.2d 201 (1996), quoting *United States v. Acklen*, 47 F.3d 739, 742 (5th Cir.1995), *cert. denied*, 519 U.S. 1142, 117 S.Ct. 1017, 136 L.Ed.2d 893 (1997). In this case, petitioner went into trial having been previously convicted of two felonies. Undoubtedly, that fact would have been raised by the prosecution to impeach petitioner's trial testimony. Counsel's decision to keep that information from the jury was not an unreasonable decision and therefore counsel's decision does not amount to deficient performance.

Further, even if counsel's decision was deficient, as noted above, in order to prevail, petitioner must still establish prejudice; and, to prove prejudice under *Strickland*, a petitioner "... must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S .Ct. at 2068.

Petitioner asserts that if counsel would have allowed him to testify, he would have testified "... about his whereabouts before and during the robbery." The facts adduced at trial suggest that such testimony would not have resulted in a favorable verdict. According to the record cited by the Court of Appeal, both victims positively identified petitioner in photographic line-ups conducted shortly after the offense. When arrested, petitioner's automobile was inventoried and the distinctive clothing worn by the robber – "... a Hawaiian pullover, three-button shirt, a pari of blue pants with white stripes down the outside of each pant leg, a blue washcloth..." was discovered. In addition, officers discovered a video tape of the petitioner wearing those clothes and "flashing money." doc. 17, Exhibits, Slip Opinion, *State v. Savoy* at pp. 3-4.

Further, the testimony of petitioner's two alibi witnesses was contradictory and inconclusive. In short, the overwhelming evidence of petitioner's guilt strongly suggests that he suffered no prejudice as a result of his failure to testify in his own defense. Thus, even if petitioner's third claim is analyzed as an ineffective assistance of counsel claim, dismissal of the claim pursuant to Rule 4 is appropriate.

***Claim Four – Ineffective assistance of counsel for failing to object to improper jury charge [doc. 1-3, p. 16; pp. 25-30]*** [5]

According to petitioner, the trial court instructed the jury as follows: "You may infer that the defendant intended the natural and probable consequences of his acts." [doc. 1-3, p. 25] He contends that this jury charge was improper and that his attorney's failure to object to the charge amounted o ineffective assistance of counsel.

Petitioner implies that the jury instruction quoted above was unconstitutional because it placed a burden shifting presumption before the jury in violation of the principles established by the Supreme Court in *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979).

In order to determine whether the language of a jury charge amounts to a constitutional error, the reviewing court must determine whether the instructions relieved the State of its burden to prove each element of the crime beyond a reasonable doubt in violation of the principles set forth in *In re Winship*, 397 U .S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). See *Francis v. Franklin*, 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985). In doing so, the reviewing court must consider whether the quoted language created a constitutionally objectionable "mandatory presumption," or "merely a permissive inference," on an essential element of the crime. *Franklin*, 471 U.S. at 314.

In *Sandstrom*, the Court held that a jury instruction that "[t]he law presumes that a person intends the ordinary consequences of his voluntary acts" was unconstitutional because it improperly shifted the burden and misled the jury regarding its duties. *Sandstrom*, 442 U.S. at

---

[5] Petitioner erroneously numbered this claim as Claim 5-6 after having previously raised the same claim as Claim 4. As a result, each of the remaining claims raised are misnumbered on petitioner's petition for *habeas corpus*.

523. In *Coleman v. Butler*, 816 F.2d 1046, 1048 (5th Cir.1987), the Fifth Circuit distinguished mandatory presumptions from permissive inferences as follows, "[a] mandatory presumption, one that instructs a criminal jury that it must infer the presumed fact if the state proves the predicate fact or facts, is unconstitutional. A permissive inference suggests to the jury that it may, but need not, draw an inference if the state proves the predicate fact or facts. A permissive inference is unconstitutional only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts."

A charge virtually identical to the charge in question has been recognized and approved as a permissive inference by the Fifth Circuit Court of Appeals. In *United States v. Kimmel*, 777 F.2d 290, 292 (5th Cir. 1985), *cert. denied*, 476 U.S. 1104, 106 S.Ct. 1947, 90 L.Ed.2d 357 (1986) the court noted,

> We commence with the trial court's instruction on inferring intent:
>
> 'As a general rule it is reasonable to infer that a person ordinarily intends the natural and probable consequences of his knowing acts. The jury may draw the inference that the accused intended all the consequences which one standing in like circumstances and possessing his knowledge should reasonably have expected to result from any act of conscious omission and any such inference drawn is entitled to be considered by the jury in determining whether or not the government has proved beyond a reasonable doubt that the defendant did possess the required intent.'
>
> Although this court, sitting *en banc*, approved an almost identical instruction in *United States v. Chiantese*, 560 F.2d 1244, 1255-56 (5th Cir.1977), *cert. denied sub nom. Cerrella v. United States*, 441 U.S. 922, 99 S.Ct. 2030, 60 L.Ed.2d 395 (1979), Kimmel nevertheless asks us to forbid its further use.
>
> Admittedly, it bears a faint resemblance to certain instructions which effectually (and unconstitutionally) relieve the government from proving the intent element of a crime. See *Francis v. Franklin*, 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985); *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); *Chiantese*, 560 F.2d at 1255. Despite the similar wording, however, an

> instruction announcing a mandatory presumption differs sharply from one allowing a jury to infer intent. 'A permissive inference does not relieve the state of its burden of persuasion because it still requires the state to convince the jury that the suggested conclusion should be inferred based on the predicate facts proven.' *Francis*, 471 U.S. at 314-15, 105 S.Ct. at 1971, 85 L.Ed.2d at 353. This difference is dispositive. The Supreme Court has prohibited instructions mandating an inference of intent because of their likely effect on the jury:
>
> The challenged sentences are cast in the language of a command. They instruct the jury that 'acts of a person of sound mind and discretion are presumed to be the product of the person's will' and that a person ' is presumed to intend the natural and probable consequences of his acts'.... The jurors 'were not told that they had a choice or that they might infer that conclusion; they were told only that the law presumed it. It is clear that a reasonable juror could easily have viewed such an instruction as mandatory.'
>
> *Francis*, 471 U.S. at 316, 105 S.Ct. at 1972, 85 L.Ed.2d at 354-55, quoting *Sandstrom*, 442 U.S. at 515, 99 S.Ct. at 2454 ... No such effect is likely here. Because the trial court never directed the jury to infer Kimmel's intent, we decline the invitation to ignore existing precedent on this kind of instruction. While both the Supreme Court and we have struggled often with inferred intent instructions, that given here is clearly acceptable and we are duty bound to follow the law approving its use.

In short, since the instruction was neither improper nor unconstitutional, and therefore, counsel was not ineffective when she failed to object to it. Counsel's failure to raise an objection that is without merit is not ineffective assistance of counsel. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). Therefore Claim Four should likewise be dismissed pursuant to the provisions of Rule 4.

***Claim Five – Ineffective assistance of counsel for failing to object to improper comments by the prosecutor during voir dire and closing arguments [doc. 1-3, p. 16; p. 25; pp. 30-34]***

In this claim for relief petitioner contends that his trial attorney rendered ineffective assistance when she failed to object to certain statements made by the prosecutor during *voir dire* and closing arguments. The statements in question concerned an agreement the prosecutor

exacted from the jury on *voir dire* to find the defendant guilty in the event that the evidence was sufficient.[6] The statements made by the prosecutor were not improper and therefore counsel's failure to object did not amount to ineffective assistance of counsel. See *Green v. Johnson*, 160 F.3d 1029 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174, 119 S.Ct. 1107, 143 L.Ed.2d 106 (1999). Claim Five should also be dismissed pursuant to the provisions of Rule 4.

***Claim Six – Insufficient Evidence (No proof that petitioner was armed with a dangerous weapon) [doc. 1-3, pp. 35-47]***

Petitioner argues that the evidence was insufficient to establish one of the elements of armed robbery, namely, that he was armed with a dangerous weapon at the time of the offense. He contends that the victim and witness did not see a gun in his possession. [doc. 1-3, p. 43]

Under the standard enunciated by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), evidence is sufficient if the conviction was based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789.

To support a conviction for armed robbery under Louisiana law, the state must prove beyond a reasonable doubt (1) a taking (2) of anything of value (3) from the person of another (4) by use of force or intimidation (5) while armed with a dangerous weapon. La.R.S. 14:64(A). La.R.S. 14:2(3) defines "dangerous weapon" to include "any gas, liquid or other substance or instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm." Thus, under Louisiana law, the term "dangerous weapon" is not limited to those

[6] The undersigned notes that petitioner has edited out key portions of the statements in question. [See doc. 1-3, pp. 31-34]

instrumentalities which are inherently dangerous, but includes any instrumentality which in the manner used, is calculated or likely to produce death or great bodily harm. *State v. Bonier*, 367 So.2d 824, 826 (La.1979); *State v. Cotton,* 94-384, p. 2 (La.App. 5th Cir.11/16/94), 646 So.2d 1144, 1145. Furthermore, under Louisiana law, the fact that the victim did not see a dangerous weapon does not preclude an armed robbery conviction. When defendant creates an atmosphere of intimidation prompting the victim to reasonably react with fear for his life, an armed robbery conviction is justified. See *State v. Cotton*, 94-384 at 3, 646 So.2d at 1146, *State v. Johnson,* 04-614, p. 7 (La.App. 5th Cir.11/16/04), 890 So.2d 19, 24. Thus, under Louisiana law, no weapon need ever be seen by the victim, or witnesses, or recovered by the police for the trier of fact to be justified in finding that in fact the defendant was armed with a dangerous weapon. *State v. Elam*, 312 So.2d 318, 322 (La.1975).

In this case, the witnesses testified that petitioner "... pointed an object covered with a dark grayish-colored cloth at her fact and demanded money." She testified "... that there was no doubt in her mind that the object in his hand was a gun." Further, "[w]hen she told him she had no money he threatened to kill her." The other witness likewise testified "... that there was no doubt in his mind that the object the defendant was pointing at him was a gun..." See *State v. Savoy*, *supra,* at p. 3.

Clearly, there was sufficient evidence under Louisiana law to establish that the perpetrator of the robbery in question was armed with a dangerous weapon as that term is defined by the law and jurisprudence of the State of Louisiana. Consequently, petitioner is not entitled to *habeas corpus* relief on the basis of his sufficiency of the evidence claim. Compare *Hillie v. Maggio*, 712 F.2d 182 (5th Cir. 1983.)

***Claim Seven – Violation of the Witness Sequestration Order [doc. 1-3, pp. 48-52]***

In his final claim for relief petitioner contends that the trial court violated petitioner's due process rights when he exempted one of the victim-witnesses from the rule of sequestration as provided in Louisiana Code of Evidence Article 615.

At the outset, it should be noted that the trial court did not violate the provisions of article 615 which specifically exempts a "victim of the offense" from the rule of sequestration. However, even if a violation of art. 615 occurred, petitioner's complaint fails to state a claim. A *habeas* petitioner's "... complaint that the trial court failed to invoke the rule of sequestration of witnesses does not raise a question that can be reached by federal *habeas corpus*, since such denial does not amount to a deprivation of [the petitioner's] constitutional rights." *Mathis v. Wainwright*, 351 F.2d 489 (5th Cir.1965). See also *Passman v. Blackburn*, 652 F.2d 559, 569 (5th Cir.1981) (State court's failure to follow its own procedural rules on sequestration of witnesses does not of itself raise federal constitutional questions cognizable in *habeas corpus*). Here, unlike the situation in *Passman*, the state court did in fact follow its own procedural rule on sequestration and therefore petitioner's final claim for relief is also subject to dismissal under the provisions of Rule 4.

***Conclusion***

Petitioner is clearly not entitled to *habeas corpus* relief.

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** under the provisions of Rule 4 of the Rules Governing

Section 2254 Cases in the District Courts since it plainly appears from the face of the petition and exhibits that the petitioner is not entitled to relief.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on October 9, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)