RECEIVED

JAN 29 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JOSEPH SAVOY | CIVIL ACTION NO. 06-1744 |
| VS. | SECTION P |
| BURL CAIN, WARDEN | JUDGE DOHERTY |
| | MAGISTRATE JUDGE METHVIN |

### RULING AND JUDGMENT

Before the Court is the Magistrate Judge's Report and Recommendation [doc. 22] and petitioner's timely objection and exhibits [doc. 25]. After an independent review of the record, and concurring in part with the Magistrate Judge's findings under the applicable law, this Court adopts the Magistrate Judge's Report and Recommendation in part, subject to the modifications set out below.

The Report and Recommendation sets out the salient facts of this case and the applicable law. Thus, the findings of fact and conclusions of law with regard to Claim One (Excessiveness of Sentence), Claim Two (Ineffective Assistance of Counsel at Sentencing), Claim Four (Ineffective Assistance of Counsel for Failing to Object to Improper Jury Charge), Claim Five (Ineffective Assistance of Counsel for Failing to Object to Improper Comments by the Prosecutor During Voir Dire and Closing Arguments), Claim Six (Insufficient Evidence – Armed with a Dangerous Weapons), and Claim Seven (Violation of the Witness Sequestration Order) are adopted as presented in the Report and Recommendation.

The Court likewise adopts the Magistrate Judge's findings of fact with regard to Claim Three (Petitioner was Denied the Right to Testify on his Own Behalf); however, the Court is

reluctant to adopt *in toto* the Magistrate Judge's conclusions of law with respect to this Claim.

Petitioner contends that his court- appointed trial counsel denied him his constitutionally guaranteed right to testify at trial. In the Report and Recommendation, the Magistrate Judge, relying on an unpublished decision from the United States District Court for the Southern District of Texas and jurisprudence from the Seventh and First Circuits, [1] observed that "... petitioner provided no evidence to support his assertion that trial counsel denied him his constitutional right to offer testimony at trial..." Based upon the foregoing, the Magistrate Judge concluded that the pleadings were insufficient as a matter of law and recommended dismissal on that basis.

In the alternative, the Magistrate Judge, citing *United States v. Mullins*, 315 F.3d 449 (5th Cir. 2002), *cert. denied*, 541 U.S. 1031, 124 S.Ct. 2096, 158 L.Ed.2d 713 (2004), and *Sayre v. Anderson*, 238 F.3d 631 (5th Cir. 2001), recommended that this claim be analyzed as an ineffective assistance of counsel claim. The Magistrate Judge, employing the ineffective assistance of counsel analysis approved by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), then recommended dismissal because (1) counsel's decision regarding whether to allow petitioner to testify did not amount to deficient performance, and, even if it did, (2) the overwhelming evidence of petitioner's guilt negated any possible showing of prejudice resulting from counsel's decision.[2]

---

[1] *Turcios v. Dretke*, 2005 WL 3263918 (S.D. Tex. 2005), *Underwood v. Clark*, 939 F.2d 473 (7th Cir. 1991), and, *Siciliano v. Vose*, 834 F.2d 29 (1st Cir. 1987).

[2] In support of these legal conclusions, the Magistrate Judge referred to the pleadings and exhibits which established that counsel's decision was based on petitioner's previous felony convictions which would have been used to impeach his testimony had he taken the stand. As noted by the Magistrate Judge, the wisdom of such tactical decisions should seldom be judged in hindsight. [doc. 22, p. 9] Further, the Magistrate Judge, citing the opinion of the Third Circuit Court of Appeals, noted the overwhelming evidence of guilt adduced at trial – both robbery victims positively identified petitioner as their assailant shortly after the offense; the distinctive clothing worn by the robber and described by the victims was found in petitioner's automobile at the time of his arrest along with a video tape

This Court is reluctant to order dismissal based on the apparent insufficiency of petitioner's pleadings. While the Fifth Circuit has adopted the general rule of law enunciated in *Underwood v. Clark*, 939 F.2d 473 (7th Cir. 1991), the Court has further opined that such dismissal is inappropriate unless the *habeas* petitioner has first been afforded the opportunity to amend his pleadings to provide the evidence necessary to support his claim. See *United States v. Martinez*, 181 F.3d 627 (5th Cir 1999). Thus, dismissal on these grounds would probably be premature.

Instead, the undersigned is satisfied that the Magistrate Judge's ineffective assistance of counsel analysis provides the more appropriate method and standard for review.[3] Indeed, the petitioner, in his objection to the Report and Recommendation, conceded that the claim was more appropriately analyzed as an ineffective assistance of counsel claim. [doc. 25 at pp. 7-10].

Therefore, for the reasons stated in the Report and Recommendation of the Magistrate Judge previously filed herein, and after an independent review of the record including the objections filed by petitioner, and for the foregoing reasons,

**IT IS ORDERED** that this petition for writ of *habeas corpus* is **DENIED AND DISMISSED WITH PREJUDICE** under the provisions of Rule 4 of the Rules Governing Section 2254 Cases in the District Courts since it plainly appears from the face of the petition

---

showing petitioner attired in those clothes and "flashing" a large sum of money – and correctly concluded that petitioner would be hard pressed to establish prejudice even if counsel's tactical decision was determined to be deficient. [doc. 22, p. 10]

[3] In *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001), the Fifth Circuit, citing *Rock v. Arkansas*, 483 U.S. 44, 107 S.Ct. 2704, 2708, 97 L.Ed.2d 37 (1987), noted that a criminal defendant has a right to testify on his own behalf. However, the Court, citing *United States v. Brown*, 217 F.3d 247, 258059 (5th Cir. 2000) further noted that when *habeas* petitioners claim only that their attorney interfered with the right to testify, and do not maintain that either the prosecution or the court interfered with the right, then the "'appropriate vehicle for such claims is a claim of ineffective assistance of counsel.'"

and exhibits that the petitioner is not entitled to relief.

**THUS DONE AND SIGNED**, in chambers, in Lafayette, Louisiana, on this ___29___ day of ___January___, 2008.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

Page -4-